FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 10, 2022

SEAN F. McAVOY, CLERK

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Matthew A. Stone
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | NO:  1:22-CR-2002-MKD |
| vs. | ) | Plea Agreement |
| SKYLER CULPS, | ) | |
| Defendant, | ) | |

The United States of America, by and through Vanessa R. Waldref,

United States Attorney for the Eastern District of Washington, and Matthew A.

Stone, Assistant United States Attorney for the Eastern District of Washington,

and the Defendant, SKYLER CULPS, and Defendant's counsel, NICK MIRR,

agree to the following Plea Agreement:

//

//

//

PLEA AGREEMENT
PAGE - 1

**1.    Guilty Plea:**

The Defendant, SKYLER CULPS, agrees to plead guilty to the Indictment in this case, charging him with Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153.

**2.    Maximum Statutory Penalties:**

The Defendant, SKYLER CULPS, understands that this is a Class C felony charge, which carries a maximum penalty of ten (10) years imprisonment; a fine not to exceed $250,000; up to three years of supervised release; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

**3.    The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.  Sentencing is a matter that is solely within the discretion of the Court.  The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court may obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any

PLEA AGREEMENT
PAGE - 2

sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range but may depart upward or downward under the appropriate circumstances.

The Defendant understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

**4.      Waiver of Constitutional Rights:**

The Defendant, SKYLER CULPS, understands that by entering this plea of guilty, he is knowingly and voluntarily waiving certain constitutional rights, including:

(a)   The right to a jury trial;

(b)   The right to see, hear and question the witnesses;

(c)   The right to remain silent at trial;

(d)   The right to testify at trial; and

(e)   The right to compel witnesses to testify.

PLEA AGREEMENT
PAGE - 3

While the Defendant is waiving certain constitutional rights, he understands that he retains the right to be assisted through the sentencing, and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if he cannot afford to hire an attorney.

**5.    Elements of the Offense:**

The United States and the Defendant agree that in order to convict the Defendant of Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153, the United States would have to prove beyond a reasonable doubt the following elements:

(a)    First, the defendant assaulted J.L. by intentionally striking him;

(b)    Second, the defendant acted with the intent to do bodily harm to J.L.;

(c)    Third, the defendant used a dangerous weapon;

(d)    Fourth, the assault took place in Indian Country; and

(e)    Fifth, the Defendant was an Indian.

**6.    Factual Basis and Statement of Facts:**

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for SKYLER CULPS's guilty plea.  This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts

PLEA AGREEMENT
PAGE - 4

which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On or about December 8, 2021, the Defendant SKYLER CULPS assaulted a person identified as J.L. when J.L. had won a dice game and the Defendant had become angry at J.L for winning. The Defendant used a knife to intentionally strike J.L. in the chest, intending to do bodily harm to J.L.

The assault occurred in White Swan, Washington, within the exterior boundaries of the Yakama Nation Reservation, which is within the Eastern District of Washington. The Defendant is an enrolled member of a federally recognized Indian Tribe. The Defendant's bloodline is derived from a federally recognized Indian Tribe.

**7.     The United States Agrees:**

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of his conduct involving illegal activity charged in the Indictment in this case, unless he breaches this Plea Agreement any time before or after sentencing.

//

**8.     United States Sentencing Guideline Calculations:**

PLEA AGREEMENT
PAGE - 5

The Defendant understands and acknowledges that the Court will consult the United States Sentencing Guidelines (hereinafter "U.S.S.G.") and take them into account when sentencing. The Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

(a) Base Offense Level:

The United States and the Defendant agree that the base offense level is 14. See U.S.S.G. § 2A2.2(a).

(b) Specific Offense Characteristics:

The United States and the Defendant agree that the base offense level is increased 4-levels as a dangerous weapon was used. *See U.S.S.G. § 2A2.2(b)(2)(B)*. Furthermore, the United States and the Defendant agree that the base offense level is increased an additional 3-levels as the victim suffered bodily injury. *See U.S.S.G. § 2A2.2(b)(3)(A)*.

(c) Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty as soon thereafter as it may be

PLEA AGREEMENT
PAGE - 6

placed on the court's docket, the United States will recommend that the Defendant receive a two (2)-level reduction for acceptance of responsibility, and if his adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness.  See U.S.S.G. § 3E1.1 (a) and (b).

The Defendant and the United States agree that the United States may, at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(d)  Criminal History:

The United States and the Defendant have no agreement as to the Defendant's criminal history score.  However, the United States and the Defendant agree that the criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report.

**9.    Departures/Variances:**

The Defendant may request a departure and/or variance.  The United States reserves the right to object to a request for a departure and/or variance.

//

//

PLEA AGREEMENT
PAGE - 7

**10.    Incarceration:**

The United States agrees to recommend a sentence of twenty-four (24) months imprisonment.  Defendant may ask for any lawful sentence.

**11.    Fines:**

The United States and Defendant reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

**12.    Supervised Release:**

The United States and the Defendant agree to recommend that the Court impose a three (3)-year term of supervised release.

The Defendant reserves the option to file a motion seeking early termination of supervised release pursuant to 18 U.S.C. 3583(e)(1). Defendant recognizes that early termination of supervision is subject to the Court's discretion.

**13.    Restitution:**

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. 3663, 3663A, and 3664, the Court should order restitution to J.L. concerning injuries suffered on or about December 8, 2021.  Furthermore, the United States and the Defendant hereby stipulate and agree that pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, the Court should order restitution to all medical providers, as well as the Crime Victim's Compensation Fund, relating to

PLEA AGREEMENT
PAGE - 8

injuries suffered by J.L. on or about December 8, 2021, in an amount not to exceed $10,000. However, the Defendant reserves the right to review the Presentence Investigation Report and present argument as to the total amount of restitution.

**14.    Mandatory Special Penalty Assessment:**

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**15.    Payments While Incarcerated:**

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**16.    Appeal Rights:**

The Defendant waives his right to appeal his conviction and the sentence the Court imposes, unless the Court imposes a sentence greater than twenty-four (24) months imprisonment and including any restitution order so long as the amount of restitution is less than $10,000. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective

PLEA AGREEMENT
PAGE - 9

assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack, except as it relates to a sentence greater than twenty-four (24) months or restitution more than $10,000, the Defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above.  If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, he agrees that this case shall, upon motion of the United States, be remanded to the District Court to determine whether the Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the Plea Agreement.

**17.    Integration Clause:**

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and the Defendant agree that this agreement cannot

PLEA AGREEMENT
PAGE - 10

be modified except in a writing that is signed by the United States and the

Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for

the Eastern District of Washington.


VANESSA R. WALDREF
United States Attorney

_____          5/4/2022
                                          _____
MATTHEW A. STONE                          Date
Assistant United States Attorney

PLEA AGREEMENT
PAGE - 11

1    I have read this Plea Agreement and have carefully reviewed and discussed
2
     every part of the agreement with my attorney.  I understand and voluntarily enter
3
4    into this Plea Agreement.  Furthermore, I have consulted with my attorney about
5    my rights, I understand those rights, and I am satisfied with the representation of
6
     my attorney in this case.  No other promises or inducements have been made to
7
8    me, other than those contained in this Plea Agreement, and no one has threatened
9    or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead
10
11   guilty because I am guilty.
12
13   _____        _____
14   SKYLER CULPS                   5/4/22
                                    Date
15   Defendant
16    I have read the Plea Agreement and have discussed the contents of the
17
18   agreement with my client.  The Plea Agreement accurately and completely sets
19   forth the entirety of the agreement between the parties.  I concur in my client's
20
     decision to plead guilty as set forth in the Plea Agreement. There is no legal reason
21
22   why the Court should not accept the Defendant's plea of guilty.
23
24
25   _____        _____
     NICK MIRR                      5/4/22
26   Attorney for Defendant         Date
27
28

PLEA AGREEMENT
PAGE - 12